IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NANCY GOODMAN, *et al*.,**

      **Plaintiffs,**

  **vs.**                                 **Civil Action 2:14-cv-414**
                                              **Judge Frost**
                                              **Magistrate Judge King**

**J.P. MORGAN INVESTMENT**
**MANAGEMENT, INC.,**

      **Defendant.**

## OPINION AND ORDER

This is an action under Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b), in which plaintiffs allege that defendant acted in breach of its fiduciary duty by charging investment advisory fees disproportionate to the services provided and in excess of fees negotiated at arm's length for such services. This matter is now before the Court on the parties' *Joint Motion for Entry of Protective Order Governing Confidentiality of Discovery Material* ("*Motion for Protective Order*"), ECF 43. The parties have agreed to the terms of a protective order on all but the following three issues:

    (1) whether the order should include a separate category for "attorneys' eyes only" confidential information;

    (2) who should bear the initial burden of moving to seal court filings containing confidential information: (a) the party that seeks to file a document that includes confidential information, or (b) the party that designated the information as confidential; and

    (3) the process governing waiver of privilege in connection with disclosed privileged information.

*Id*. at pp. 1-2. The parties have submitted a proposed protective

order that includes alternative provisions for each disputed issue. "The parties jointly request that the Court resolve the three disputed issues and enter a protective order that reflects the Court's resolution." *Id.* at p. 1.

The parties first disagree whether the protective order should include a provision for designating information for "Attorneys' Eyes Only" ("AEO"). The parties' proposed protective order contains a provision for designating discovery materials as confidential:

> Any party to this Litigation shall have the right to designate as "CONFIDENTIAL" any document, discovery response or other information it produces or discloses, or any testimony given during pretrial proceedings, which the designating party believes in good faith constitutes, reflects or discloses a trade secret or other confidential research, development, commercial, customer or other information subject to protection under Fed. R. Civ. P. 26(c).

*Proposed Protective Order*, ECF 43-1, § 1.b. Disclosure of "CONFIDENTIAL" information would be limited to the named parties or organizational entities and relevant officers, their counsel of record and their in-house counsel, outside vendors who provide discovery or clerical support, outside experts or consultants, fact witnesses whose testimony depends on the information, persons who otherwise properly have access to the information and court personnel. *Id.* at § 3.a.i – viii.

Defendant proposes that the following section be added to the protective order to provide for an AEO designation:

> Any party to this Litigation shall have the right to designate as "ATTORNEYS' EYES ONLY" any document, discovery response or other information it produces or discloses, or any testimony given during pretrial proceedings, if the designating party believes in good faith: (1) the document, discovery response or other information constitutes,

2

> reflects or discloses a trade secret or other confidential research, development, commercial, customer or other information subject to protection under Fed. R. Civ. P. 26(c); (2) there is a substantial risk that, absent such designation, its receipt by the receiving party could cause competitive and/or economic harm to the producing party; and (3) it would not otherwise be adequately protected under the procedures set forth herein for documents designated "CONFIDENTIAL."

*Id*. at § 1.c.  Information produced with the AEO designation could not be disclosed to or accessed by the parties in this action (with limited exceptions for organizational entities), outside experts or consultants, and fact witnesses providing testimony at trial or on deposition.  *Id*. at §§ 3.a, 3.b.  The person with access to AEO information could disclose the information to these other persons only with the advance written consent of the producing party or with leave of Court.  *Id*. at § 3.a.ix.

Defendant argues that good cause exists to include a separate category for AEO designations because plaintiffs intend to depose defendant's competitors and "[s]howing them [defendant's] confidential financial information and trade secrets could cause [defendant] competitive harm." *Motion for Protective Order*, p. 6.  Plaintiffs argue that the proposed AEO provision "allows [defendant] unfettered discretion to designate documents as Attorneys' Eyes Only (and thereby limit the persons to whom the documents can be shown, including experts) without [showing good cause or a clearly defined and serious injury] — either to Plaintiffs or the Court." *Id*. at pp. 3-4.  Plaintiffs further argue that defendant's proposal "puts the onus on Plaintiffs to challenge any questionable AEO designation before Defendant makes the requisite showing – without any knowledge about

3

the information sought to be restricted" and "precludes Plaintiffs' experts from receiving AEO-designated documents." *Id*. at p. 4.

"An AEO designation is 'the most restrictive possible protective order,' as it confines dissemination of discovery materials only to the opposing party's attorneys and other consultants/experts specified in the agreement." *Penn, LLC v. Prosper Bus. Dev. Corp.*, No. 2:10-CV-0993, 2012 WL 5948363, at *4 (S.D. Ohio Nov. 28, 2012) (quoting *Waite, Schneider, Bayless & Chesley Co., LPA v. Davis,* No. 1:11-cv-0851, 2012 WL 3600106 (S.D. Ohio Aug. 21, 2012)). "A party seeking this designation must describe the alleged harm it will suffer from any disclosure 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Id*. (quoting *Davis*, 2012 WL 3600106 at *5) (internal quotations omitted). "In the business context, such a showing requires 'specific demonstrations of fact, supported where possible by affidavits and concrete examples.'" *Id*. (quoting *Davis*, 2012 WL 3600106 at *5) (internal quotations omitted).

In the case presently before the Court, defendant has failed to justify the AEO provision as presently formulated in the proposed protective order. Defendant argues that a provision for AEO designations is necessary to prevent plaintiffs from disclosing information to defendant's competitors during depositions. *Motion for Protective Order*, pp. 6-7. Defendant has not, however, offered any justification for the proposed restriction on disclosure to the parties or outside experts or consultants, nor has defendant described, with a particular and specific demonstration of fact, the

4

alleged harm that it will suffer from disclosure to such persons. Moreover, the literal language of defendant's proposal does not even directly address the danger feared by it and is unnecessarily restrictive; for example, plaintiffs are not themselves defendant's competitors, *see Motion for Protective Order*, p. 6, yet defendant's proposal would prohibit disclosure of AEO information to them. *Id*. at § 1.c.

In short, the Court concludes that defendant's proposal, as presently formulated, cannot be justified. The Court recognizes, however, that situations might arise that implicate defendant's legitimate competitive interests and which warrant greater protection. The Court **DIRECTS** the parties to consult further with a view to protecting these interests without restricting, to an unreasonable degree, the parties' access to discovery materials.

The parties next disagree on the proper procedure to be used in connection with the filing of documents under seal. Plaintiffs suggest the following procedure:

> a. If a party files any document that contains or incorporates the substance of Confidential Information, that party shall electronically file redacted copies of any such document, and provide a non-redacted version to the Court and to all parties.
>
> b. The party that produced the Confidential Information contained in the filed document must obtain express leave of Court in order to file it under seal. Such leave will be granted only upon a showing of good cause, and only to the extent necessary to preserve legitimate confidentiality concerns, in accordance with the Order of the Court entered August 6, 2014.
>
> c. The party seeking to have the document sealed shall have fourteen (14) days from the filing of the document to file a motion to seal. If no such motion is filed, or if such

5

>motion is denied, the filing party will re-file unredacted copies of the document.

*Proposed Protective Order*, § 4, p. 6. Plaintiffs argue that their proposal correctly assigns the burden of seeking leave to file documents under seal to the producing party. *Motion for Protective Order*, p. 8. Defendant suggests the following procedure for filing documents under seal:

>a. Any party (the "Filing Party") intending to file another party's Confidential Information (in any form whatsoever) shall file a motion seeking leave to file the Confidential Information under seal. The Filing Party shall state in the motion to seal that (i) the producing party has designated the information in question as Confidential Information, (ii) this Protective Order requires the Filing Party to seek to file the Confidential Information under seal, and (iii) the non-Filing Party may file pursuant to this Protective Order a response providing additional good cause for granting the motion to seal. The Filing Party may not oppose the granting of its own motion to seal, but shall be under no obligation to provide additional substantiation of good cause for the granting of the motion.
>
>b. When a Filing Party files a motion to file documents under seal, the documents at issue shall be placed provisionally under seal by the Clerk until such time as the Court rules on the motion to file under seal.
>
>c. The non-Filing Party and/or the producing party (if the producing party is not a party to the Litigation) may file a response to the Filing Party's motion to file under seal within the time permitted for an opposing memorandum under Local Rule 7.2(a)(2). Any such response may provide additional substantiation of good cause for granting the motion to seal.
>
>d. Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with all local rules.
>
>e. In deciding whether good cause exists to grant a motion to seal, the Court will take into account any basis proffered in both the motion to seal and any response thereto. No pleadings, motions memoranda, documents or

6

> other materials shall be filed permanently under seal in the absence of a court order allowing it.
>
> f. Nothing in this paragraph 4 shall be construed to limit a receiving party's ability to challenge another party's designation of Confidential Information pursuant to paragraph 8(d) of this Protective Order. Further, filing a motion to seal shall not waive the Filing Party's right to challenge the designation of Confidential Information, pursuant to paragraph 8(d) of this Protective Order, of material subject to the motion to seal.

*Proposed Protective Order*, § 4, pp. 7-8. Plaintiffs argue that defendant's proposal, which places the burden on the filing party, could "put Plaintiffs in the position of arguing that 'good cause' exists to seal documents in order to preserve Defendant's purported privacy interests — privacy interests with which Plaintiffs may disagree." *Motion for Protective Order*, p. 8.

The Court concludes that both proposals fail to comply with the local rules of this Court, *see* S.D. Ohio Civ. R. 79.3, and could result in significant, unnecessary delay of the proceedings. The Court **DIRECTS** that, if a party intends to file under seal a document that it has denominated as "CONFIDENTIAL," that party must seek leave of Court for the filing under seal prior to the filing of the document; if a party intends to file a document that has been denominated as "CONFIDENTIAL" by another party, the filing party must so advise the denominating party, who will have seven (7) days in which to seek leave of Court for filing the document under seal. The motion for leave to file under seal should indicate whether the motion is unopposed. *See* S.D. Ohio Civ. R. 7.3. The parties are reminded that the Court will authorize the filing of materials under seal only upon express leave of Court, only upon a showing good cause, and only to

7

the extent necessary to preserve legitimate confidentiality concerns. *See Proctor & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996); *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1177 (6th Cir. 1983).

Finally, the parties disagree on "the process for waiver of privilege for disclosed privileged information." *Motion for Protective Order*, p. 2. Plaintiffs propose the following provision:

> If a producing party produces or discloses information which it claims is subject to attorney-client privilege, attorney work product protection, or other applicable privilege or protection from disclosure, the procedures shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B). The production or disclosure of such information shall not operate as a waiver of the applicable privilege or protection if the producing party demonstrates to the Court that the requirements of Federal Rule of Evidence 502(b) have been met, or the parties agree that the production or disclosure was inadvertent.

*Proposed Protective Order*, § 6,b, p. 9. Defendant proposes the following provision:

> If, in connection with this Litigation, a producing party inadvertently produces or discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other applicable privilege or protection from disclosure ("Inadvertently Produced Information"), then in accordance with Federal Rule of Evidence 502(b) and (d), the production or disclosure of the Inadvertently Produced Information shall "not operate as a waiver" of the applicable privilege or protection in any "federal or state proceeding" except as provided herein. If a receiving party receives discovery that appears to be subject to the attorney-client privilege, the work product doctrine, or other applicable privilege or protection from disclosure, the receiving party must refrain from further examination of the discovery and shall immediately notify the producing party in writing that the receiving party possesses discovery that appears to be privileged or protected from disclosure. The procedure for dealing with Inadvertently Produced Information shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B). Nothing herein shall prevent the receiving party from challenging the privileged or protected status of any inadvertently or unintentionally

> produced documents under Rule 26(b)(5)(B), except that no party or non-party may assert that the inadvertent production of any Confidential Information, documents or information constitutes a waiver of any applicable privilege or protection against disclosure.

*Proposed Protective Order*, § 6.b, pp. 9-10. Under defendant's proposal, "the inadvertent production of privileged information does not waive the privilege in this or other proceedings. The receiving party may challenge the privileged status of the document, but may not argue that inadvertent production waived the privilege." *Motion for Protective Order*, p. 14. Defendant argues that its proposal should be adopted because plaintiffs' proposal

> (i) unfairly attempts to increase [defendant's] discovery costs and burdens, (ii) would unjustifiably limit [defendant's] access to the significant protections of Rule 502, (iii) would apparently permit Plaintiffs to argue that inadvertent production operated as a waiver of the privilege, eviscerating the protection of Rule 502 and disrupting the discovery process, and (iv) would permit Plaintiffs to take advantage of inadvertently produced privileged material until [defendant] discovered the inadvertent disclosure.

*Id*. at p. 15. Defendant's arguments are not well taken. Defendant's proposal assumes that every production of privileged information is inadvertent and would not require the producing party to prove that the disclosure was truly inadvertent. *Cf. Fox v. Massey–Ferguson, Inc.*, 172 F.R.D. 653, 671 (E.D. Mich. 1995) ("When a producing party claims inadvertent disclosure, it has the burden of proving that the disclosure was truly inadvertent.") (citing *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.*, 132 F.R.D. 204, 207 (N.D. Ind. 1990)). Defendant's proposal also fails to take into account the requirements of Rule 502(b) of the Federal Rules of Evidence. *See Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-

9

CV-116, 2012 WL 3731483, at *3 (S.D. Ohio Aug. 28, 2012); *Evenflo Co., Inc., v. Hantec Agents Ltd.*, No. 3:05-CV-346, 2006 WL 2945440, at *5-6 (S.D. Ohio Oct. 13, 2006). In contrast, plaintiffs' proposal merely – and properly – recognizes the applicability of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) and makes clear that the parties can agree that a production or disclosure was inadvertent.

This *Opinion and Order* resolves the disputes presented by the parties' *Joint Motion for Entry of Protective Order Governing Confidentiality of Discovery Material* ("*Motion for Protective Order*"), ECF 43. The parties shall forthwith present for the Court's consideration and approval a proposed protective order consistent with the foregoing.

The Clerk is **DIRECTED** to remove ECF 43 from the Court's pending motions list.

April 8, 2015                                                  *s/Norah McCann King*
                                                          Norah McCann King
                                       United States Magistrate Judge