**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Nancy Goodman and Jacqueline Peiffer,    :
    :  Civil No. 2:14 CV-414
    Plaintiffs,  :
    v.    :  Judge Frost
    :
J.P. Morgan Investment Management, Inc.,  :  Magistrate Judge King
    :
    Defendant.  :

## <u>ANSWER TO COMPLAINT</u>

Defendant J.P. Morgan Investment Management, Inc. ("JPMIM") hereby answers and otherwise responds to the complaint in the above-captioned matter (the "Complaint").

JPMIM denies each and every allegation of the Complaint not expressly admitted below, and denies that plaintiffs Nancy Goodman and Jacqueline Peiffer (collectively, "Plaintiffs") are entitled to any of the relief they seek. Unnumbered paragraphs in the Complaint do not require a responsive pleading. To the extent a response is required, JPMIM denies the allegations in any unnumbered paragraphs.

1.    JPMIM admits that Plaintiffs purport to bring this action pursuant to Section 36(b) of the Investment Company Act of 1940 ("1940 Act"), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 1 of the Complaint.

2.    JPMIM admits that it is the investment adviser of the JPMorgan Core Bond Fund, JPMorgan High Yield Fund, and JPMorgan Short Duration Bond Fund (collectively, the "Funds") and receives a fee from the each of the Funds for providing investment advisory services, including, among other things, managing each Fund's portfolio of assets. JPMIM otherwise denies the allegations in Paragraph 2 of the Complaint.

3.  To the extent that Paragraph 3 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMIM states that the text of that provision speaks for itself and denies any characterization inconsistent with its terms.  To the extent that Paragraph 3 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMIM otherwise denies the allegations in Paragraph 3 of the Complaint.

4.  JPMIM denies the allegations in Paragraph 4 of the Complaint.

5.  JPMIM denies the allegations in Paragraph 5 of the Complaint.

6.  JPMIM denies the allegations in Paragraph 6 of the Complaint.

7.  JPMIM denies the allegations in Paragraph 7 of the Complaint.

8.  JPMIM admits that the aggregate investment advisory fees paid by the Funds was less than $22 million in the fiscal year ended February 29, 2008.  JPMIM otherwise denies the allegations in Paragraph 8 of the Complaint.

9.  JPMIM denies the allegations in Paragraph 9 of the Complaint.

10.  JPMIM denies the allegations in Paragraph 10 of the Complaint.

11.  To the extent that Paragraph 11 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMIM otherwise denies the allegations in Paragraph 11 of the Complaint.

12.  Paragraph 12 of the Complaint purports to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, JPMIM denies the allegations in Paragraph 12 of the Complaint.

13.  Paragraph 13 of the Complaint purports to state conclusions of law to which no responsive pleading is required.

14.     Without admitting each allegation in Paragraph 14 of the Complaint, JPMIM admits that venue is proper in this judicial district.

15.     JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16.     JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17.     JPMIM admits the allegations in Paragraph 17 of the Complaint.

18.     JPMIM admits the allegations in Paragraph 18 of the Complaint.

19.     JPMIM admits that each Fund is a series of an open-end management investment company registered under the 1940 Act, and that each Fund is commonly referred to as a mutual fund.  JPMIM otherwise denies the allegations in Paragraph 19 of the Complaint.

20.     JPMIM admits that each of the Funds is a series of JPMorgan Trust II, and that JPMorgan Trust II is a Delaware statutory trust formed pursuant to a Declaration of Trust dated as of November 5, 2004, as amended May 14, 2014.  JPMIM otherwise denies the allegations in Paragraph 20 of the Complaint.

21.     JPMIM admits that the Funds are collective investments that pool money from investors and invest the money in a portfolio of securities or other assets.  JPMIM otherwise denies the allegations in Paragraph 21 of the Complaint.

22.     JPMIM admits that each Fund issues shares to investors that purchase shares of that Fund, and that each Fund share represents a pro rata interest in the Fund's net assets. JPMIM otherwise denies the allegations in Paragraph 22 of the Complaint.

23.     JPMIM admits the allegations in Paragraph 23 of the Complaint.

24.     JPMIM admits that it serves as each Fund's investment adviser and, in that capacity, is responsible for, among other things, managing each Fund's portfolio of assets, including, among other things, researching potential investments and deciding which securities will be purchased for or sold from the portfolio.  JPMIM otherwise denies the allegations in Paragraph 24 of the Complaint.

25.     JPMIM admits that other service providers, including among others JPMIM's affiliates, provide certain other services to the Funds.  JPMIM otherwise denies the allegations in Paragraph 25 of the Complaint.

26.     JPMIM admits that the Funds' Board of Trustees (the "Board") oversees the management of the Funds.  JPMIM otherwise denies the allegations in Paragraph 26 of the Complaint.

27.     JPMIM admits that the Board oversees the management of each of the Funds. JPMIM otherwise denies the allegations in Paragraph 27 of the Complaint.

28.     JPMIM admits that it serves as investment adviser to the Funds pursuant to an Investment Advisory Agreement ("the IAA"), initially dated August 12, 2004, and most recently amended on April 30, 2013.  JPMIM otherwise denies the allegations in Paragraph 28 of the Complaint.

29.     To the extent that Paragraph 29 of the Complaint purports to characterize the IAA, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint purports to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 30 of the Complaint purports to

characterize the IAA, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 30 of the Complaint.

31.     JPMIM admits that each Fund's prospectus discloses certain information about investment advisory services and about, among other things, the Fund's investment objective, the types of securities in which the Fund invests, and the investment strategies employed.  JPMIM also admits that each Fund's prospectus is filed with the SEC at least annually.  JPMIM otherwise denies the allegations in Paragraph 31 of the Complaint.

32.     JPMIM denies that the Core Bond Fund's most recent prospectus was filed with the SEC on June 28, 2013.  To the extent that Paragraph 32 of the Complaint purports to characterize the Core Bond Fund's most recent prospectus, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 32 of the Complaint.

33.     To the extent that Paragraph 33 of the Complaint purports to characterize or quote from the Core Bond Fund's most recent prospectus, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 33 of the Complaint.

34.     JPMIM denies the allegations in Paragraph 34 of the Complaint.

35.     JPMIM admits that Douglas Swanson has principal responsibility for investment advisory services to the Core Bond Fund.  JPMIM otherwise denies the allegations in Paragraph 35 of the Complaint.

36.     JPMIM admits that Douglas Swanson is based in JPMIM's Columbus, Ohio offices.  JPMIM otherwise denies the allegations in Paragraph 36 of the Complaint.

37.     JPMIM denies that the High Yield Fund's most recent prospectus was filed with the SEC on June 28, 2013.  To the extent that Paragraph 37 of the Complaint purports to characterize the High Yield Fund's most recent prospectus, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 37 of the Complaint.

38.     To the extent that Paragraph 38 of the Complaint purports to characterize or quote the High Yield Fund's most recent prospectus, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 38 of the Complaint.

39.     JPMIM admits the allegations in Paragraph 39 of the Complaint.

40.     JPMIM admits the allegations in Paragraph 40 of the Complaint.

41.     JPMIM admits the allegations in Paragraph 41 of the Complaint.

42.     JPMIM denies that the Short Duration Bond Fund's most recent prospectus was filed with the SEC on June 28, 2013.  To the extent that Paragraph 42 of the Complaint purports to characterize the Short Duration Bond Fund's most recent prospectus, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 42 of the Complaint.

43.     To the extent that Paragraph 43 of the Complaint purports to characterize or quote the Short Duration Bond Fund's most recent prospectus, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 43 of the Complaint.

44.     JPMIM admits the allegations in Paragraph 44 of the Complaint.

45.     JPMIM admits the allegations in Paragraph 45 of the Complaint.

46.     JPMIM admits the allegations in Paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint purports to state conclusions of law to which no responsive pleading is required.

48.     JPMIM admits that the Funds' investment teams are supported by, among others, legal, compliance, and administrative personnel.  JPMIM otherwise denies the allegations in Paragraph 48 of the Complaint.

49.     JPMIM admits that each Fund pays JPMIM a fee that is calculated as a percentage of the Fund's assets under management ("AUM").  JPMIM otherwise denies the allegations in Paragraph 49 of the Complaint.

50.     JPMIM admits that the Core Bond Fund's investment advisory fee rate, on an annual basis, is 0.30% of the Fund's AUM.  JPMIM otherwise denies the allegations in Paragraph 50 of the Complaint.

51.     JPMIM denies the allegations in Paragraph 51 of the Complaint.

52.     JPMIM admits that the High Yield Fund's investment advisory fee rate, on an annual basis, is 0.65% of the Fund's AUM.  JPMIM otherwise denies the allegations in Paragraph 52 of the Complaint.

53.     JPMIM admits that the High Yield Fund paid JPMIM approximately $73 million in the fiscal year ended February 28, 2013.  JPMIM otherwise denies the allegations in Paragraph 53 of the Complaint.

54.     JPMIM admits that the Short Duration Bond Fund's investment advisory fee rate, on an annual basis, is 0.25% of the Fund's AUM.  JPMIM otherwise denies the allegations in Paragraph 54 of the Complaint.

55.     JPMIM admits that the Short Duration Bond Fund paid JPMIM approximately $29 million in the fiscal year ended February 28, 2013.  JPMIM otherwise denies the allegations in Paragraph 55 of the Complaint.

56.     JPMIM admits the allegations in Paragraph 56 of the Complaint.

57.     JPMIM admits that (a) the investment adviser to the MetLife JPMorgan Core Bond Portfolio has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; (b) the investment adviser to the Columbia Variable Portfolio JPMorgan Core Bond Fund has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; (c) the investment adviser to the Transamerica Core Bond Fund has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; (d) the investment adviser to the LVIP JPMorgan High Yield Fund has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; (e) the investment adviser to the Principal High Yield Fund I has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; (f) the investment adviser to the AST High Yield Portfolio has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; (g) the investment adviser to the Pemberwick Fund has contracted with JPMIM for JPMIM to serve as a subadviser to that fund.  JPMIM also admits that the Complaint refers to these funds collectively as the "Subadvised Funds."  JPMIM otherwise denies the allegations in Paragraph 57 of the Complaint.

58.     JPMIM admits the allegations in Paragraph 58 of the Complaint.

59.     JPMIM admits that each of the Subadvised Funds is a series of an open-end management investment company registered under the 1940 Act.  JPMIM otherwise denies the allegations in Paragraph 59 of the Complaint.

60.    JPMIM admits that each of the Subadvised Funds is organized as a series of a business trust, a statutory trust, or a corporation organized under state law.  JPMIM otherwise denies the allegations in Paragraph 60 of the Complaint.

61.    JPMIM admits that each Subadvised Fund issues shares to investors that purchase shares of that fund, and that each fund share represents a pro rata interest in the fund's net assets. JPMIM otherwise denies the allegations in Paragraph 61 of the Complaint.

62.    JPMIM admits that each Subadvised Funds' financial institution sponsor, or an affiliate thereof, serves as that fund's investment adviser.  JPMIM admits each Subadvised Fund's investment adviser has entered into an advisory agreement with that fund and receives investment advisory fees from that fund.  JPMIM otherwise denies the allegations in Paragraph 62 of the Complaint.

63.    JPMIM admits that the investment adviser of each of the Subadvised Funds has entered into an investment subadvisory agreement with JPMIM for JPMIM to serve as a subadviser to that fund.  To the extent that Paragraph 63 of the Complaint purports to characterize the subadvisory agreements between JPMIM and each of the Subadvised Funds' investment advisers, JPMIM states that each such subadvisory agreement speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 63 of the Complaint.

64.    JPMIM admits that, with respect to each Subadvised Fund, the subadvisory fee that JPMIM receives for serving as a subadviser to that fund are paid for by the fund's investment adviser.  JPMIM otherwise denies the allegations in Paragraph 64 of the Complaint.

65.    JPMIM denies the allegations in Paragraph 65 of the Complaint.

66.     To the extent that Paragraph 66 of the Complaint purports to characterize the subadvisory agreements between JPMIM and the Subadvised Funds' investment advisers, JPMIM states that each of those agreements speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint purports to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 67 of the Complaint purports to characterize a subadvisory agreement, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 67 of the Complaint.

68.     To the extent that Paragraph 68 of the Complaint purports to characterize a Fund Prospectus or a Subadvised Fund Prospectus, JPMIM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 68 of the Complaint.

69.     JPMIM admits that the team led by Douglas Swanson provides subadvisory services to each Subadvised Core Bond Fund.  JPMIM otherwise denies the allegations in Paragraph 69 of the Complaint.

70.     JPMIM admits that it uses some of the same strategies and resources (including some of the same systems and technology) in connection with providing subadvisory services to the Subadvised Core Bond Funds that it uses in connection with providing investment advisory services to the Core Bond Fund.  JPMIM otherwise denies the allegations in Paragraph 70 of the Complaint.

71.     To the extent that Paragraph 71 of the Complaint purports to characterize a Fund Prospectus or a Subadvised Fund Prospectus, JPMIM states that each document speaks for itself and denies any characterization inconsistent with its terms. JPMIM otherwise denies the allegations in Paragraph 71 of the Complaint.

72.     JPMIM admits that the Columbus/Cincinnati High Yield Team provides subadvisory services to each Subadvised High Yield Fund, and admits that, with respect to some of the Subadvised High Yield Funds, the Columbus/Cincinnati High Yield Team is led by William Morgan. JPMIM otherwise denies the allegations in Paragraph 72 of the Complaint.

73.     JPMIM admits that it uses some of the same strategies and resources (including some of the same systems and technology) in connection with providing subadvisory services to the Subadvised High Yield Funds that it uses in connection with providing investment advisory services to the High Yield Fund. JPMIM otherwise denies the allegations in Paragraph 73 of the Complaint.

74.     To the extent that Paragraph 74 of the Complaint purports to characterize a Fund Prospectus or a Subadvised Fund Prospectus, JPMIM states that each document speaks for itself and denies any characterization inconsistent with its terms. JPMIM otherwise denies the allegations in Paragraph 74 of the Complaint.

75.     JPMIM admits that the Short Duration Bond Team provides subadvisory services to the Subadvised Short Duration Bond Fund and that the Short Duration Bond Team is led by Gregg Hrivnak. JPMIM otherwise denies the allegations in Paragraph 75 of the Complaint.

76.     JPMIM admits that it uses some of the same strategies and resources (including some of the same systems and technology) in connection with providing subadvisory services to the Subadvised Short Duration Bond Fund that it uses in connection with providing investment

advisory services to the Short Duration Bond Fund.  JPMIM otherwise denies the allegations in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint purports to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, JPMIM denies the allegations in Paragraph 77 of the Complaint.

78.     JPMIM denies the allegations in Paragraph 78 of the Complaint.

79.     JPMIM admits that, with respect to each Subadvised Fund, the amount of fees JPMIM receives from the investment adviser of the fund to serve as the subadviser of the fund is less than the amount of fees JPMIM receives from the corresponding Fund to serve as its investment adviser.  JPMIM otherwise denies the allegations in Paragraph 79 of the Complaint.

80.     JPMIM denies the allegations in Paragraph 80 of the Complaint.

81.     JPMIM denies the allegations in Paragraph 81 of the Complaint.

82.     JPMIM denies the allegations in Paragraph 82 of the Complaint.

83.     JPMIM denies the allegations in Paragraph 83 of the Complaint.

84.     JPMIM denies the allegations in Paragraph 84 of the Complaint.

85.     JPMIM denies the allegations in Paragraph 85 of the Complaint.

86.     JPMIM denies the allegations in Paragraph 86 of the Complaint.

87.     JPMIM denies the allegations in Paragraph 87 of the Complaint.

88.     JPMIM admits that the Core Bond Fund's assets under management were approximately $4.5 billion as of February 29, 2008, approximately $29 billion as of February 28, 2013, and over $23 billion as of March 31, 2014.  JPMIM otherwise denies the allegations in Paragraph 88 of the Complaint.

89.     JPMIM admits that the Core Bond Fund paid slightly less than $11 million in advisory fees in the fiscal year ending February 29, 2008.  JPMIM otherwise denies the allegations in Paragraph 89 of the Complaint.

90.     JPMIM admits the allegations in Paragraph 90 of the Complaint.

91.     JPMIM admits that the High Yield Fund paid slightly less than $9.2 million in advisory fees in the fiscal year ending February 29, 2008.  JPMIM otherwise denies the allegations in Paragraph 91 of the Complaint.

92.     JPMIM admits the allegations in Paragraph 92 of the Complaint.

93.     JPMIM admits that the Short Duration Bond Fund paid slightly less than $1.7 million in advisory fees in the fiscal year ending February 29, 2008.  JPMIM otherwise denies the allegations in Paragraph 93 of the Complaint.

94.     JPMIM denies the allegations in Paragraph 94 of the Complaint.

95.     JPMIM denies the allegations in Paragraph 95 of the Complaint.

96.     JPMIM admits that some investment advisory agreement fee schedules include breakpoints that may reduce a fund's fee rate as assets under management increase.  JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96 of the Complaint.

97.     JPMIM admits that the investment adviser of the Pemberwick Fund pays JPMIM to serve as subadviser at an annual rate as follows:  0.20% on the first $50 million of net assets; 0.15% on the next $50 million of net assets; 0.125% on the next $100 million of net assets; 0.10% on the next $100 million of net assets; 0.08% on the next $200 million of net assets; 0.06% on the next $500 million of net assets; and 0.04% on net assets over $1 billion.  JPMIM otherwise denies the allegations in Paragraph 97 of the Complaint.

98.     JPMIM admits that breakpoints provide one means for a fund to share in the benefits of economies of scale.  JPMIM otherwise denies the allegations in Paragraph 98 of the Complaint.

99.     JPMIM denies the allegations in Paragraph 99 of the Complaint.

100.    JPMIM admits that the Funds' investment advisory fee schedules do not include breakpoints.  JPMIM otherwise denies the allegations in Paragraph 100 of the Complaint.

101.    JPMIM denies the allegations in Paragraph 101 of the Complaint.

102.    JPMIM denies the allegations in Paragraph 102 of the Complaint.

103.    Paragraph 103 of the Complaint purports to state conclusions of law to which no responsive pleading is required.

104.    JPMIM denies the allegations in Paragraph 104 of the Complaint.

105.    JPMIM admits that some members of the Funds' Board hold positions at, or serve on boards of, other companies or institutions.  JPMIM otherwise denies the allegations in Paragraph 105 of the Complaint.

106.    To the extent that Paragraph 106 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMIM admits that the Board meets regularly and that over the course of a year, the Board's activities (in some instances split among various committees) include, among other things, review and approval of investment advisory and other service contracts, monitoring fund compliance matters, oversight of daily pricing of security holdings, and approval of the prospectus.  JPMIM otherwise denies the allegations in Paragraph 106 of the Complaint.

14

107.     JPMIM admits that when the Board has approved the IAA in the past, the Board has received, among other things, certain information prepared by JPMIM.  JPMIM otherwise denies the allegations in Paragraph 107 of the Complaint.

108.     JPMIM denies the allegations in Paragraph 108 of the Complaint.

109.     JPMIM denies the allegations in Paragraph 109 of the Complaint.

110.     JPMIM denies the allegations in Paragraph 110 of the Complaint.

111.     JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint.

112.     JPMIM admits that the IAA does not include a "most favored nation" provision. JPMIM otherwise denies the allegations in Paragraph 112 of the Complaint.

113.     JPMIM denies the allegations in Paragraph 113 of the Complaint.

114.     JPMIM denies the allegations in Paragraph 114 of the Complaint.

115.     JPMIM admits that in some instances the fee schedule under which each Subadvised Fund's investment adviser pays JPMIM to provide subadvisory services results from negotiations between JPMIM and the investment adviser.  JPMIM otherwise denies the allegations in Paragraph 115 of the Complaint.

116.     JPMIM admits that it has negotiated with the investment advisers of some of the Subadvised Funds regarding the fees that the investment adviser will pay JPMIM to provide subadvisory services.  JPMIM otherwise denies the allegations in Paragraph 116 of the Complaint.

117.     JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint.

118.     JPMIM admits that before selecting subadvisers, the investment advisers of the Subadvised Funds typically have multiple candidates submit proposals.  JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118 of the Complaint.

119.     To the extent that Paragraph 119 of the Complaint refers to investment advisers other than JPMIM, JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint.  To the extent that Paragraph 119 of the Complaint refers to JPMIM specifically, JPMIM denies the allegations in Paragraph 119 of the Complaint.

120.     JPMIM admits that the investment advisory fees are paid out of each Fund's assets, and that those fees, like any fund expense, reduce a Fund's net assets.  JPMIM otherwise denies the allegations in Paragraph 120 of the Complaint.

121.     JPMIM denies the allegations in Paragraph 121 of the Complaint.

122.     JPMIM denies the allegations in Paragraph 122 of the Complaint.

123.     JPMIM incorporates its foregoing responses to paragraphs 1-36, 47-51, 56-70, 77-81, 86-89, and 94-122 of the Complaint as though repeated herein.

124.     JPMIM admits that Plaintiffs purport to bring Count I of the Complaint on behalf of and for the benefit of the Core Bond Fund and denies that Plaintiffs are entitled to any relief.

125.     JPMIM admits the allegations in Paragraph 125 of the Complaint.

126.     To the extent that Paragraph 126 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMIM states that the text of that provision speaks for itself and denies any characterization inconsistent with its terms.  To the extent that Paragraph 126 of the

Complaint purports to state conclusions of law, no responsive pleading is required.  JPMIM otherwise denies the allegations in Paragraph 126 of the Complaint.

127.    JPMIM denies the allegations in Paragraph 127 of the Complaint.

128.    JPMIM denies the allegations in Paragraph 128 of the Complaint.

129.    JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Core Bond Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 129 of the Complaint.

130.    JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Core Bond Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 130 of the Complaint.

131.    JPMIM incorporates its foregoing responses to paragraphs 1-31,37-41, 47-49, 52-53, 56-67, 71-73, 77-79, 82-83, 86-87, 90-91, and 94-122 of the Complaint as though repeated herein.

132.    JPMIM admits that Plaintiffs purport to bring Count II of the Complaint on behalf of and for the benefit of the High Yield Fund and denies that Plaintiffs are entitled to any relief.

133.    JPMIM admits the allegations in Paragraph 133 of the Complaint.

134.    To the extent that Paragraph 134 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMIM states that the text of that provision speaks for itself and denies any characterization inconsistent with its terms.  To the extent that Paragraph 134 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMIM otherwise denies the allegations in Paragraph 134 of the Complaint.

135.    JPMIM denies the allegations in Paragraph 135 of the Complaint.

136.    JPMIM denies the allegations in Paragraph 136 of the Complaint.

17

137.     JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the High Yield Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 137 of the Complaint.

138.     JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the High Yield Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 138 of the Complaint.

139.     JPMIM incorporates its foregoing responses to paragraphs 1-31, 42-49, 54-67, 74-79, 84-87, and 92-122 of the Complaint as though repeated herein.

140.     JPMIM admits that Plaintiffs purport to bring Count III of the Complaint on behalf of and for the benefit of the Short Duration Bond Fund and denies that Plaintiffs are entitled to any relief.

141.     JPMIM admits the allegations in Paragraph 141 of the Complaint.

142.     Paragraph 142 of the Complaint purports to state conclusions of law to which no responsive pleading is required.

143.     JPMIM denies the allegations in Paragraph 143 of the Complaint.

144.     JPMIM denies the allegations in Paragraph 144 of the Complaint.

145.     JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Short Duration Bond Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 145 of the Complaint.

146.     JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Short Duration Bond Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 146 of the Complaint.

## AFFIRMATIVE DEFENSES

JPMIM advances the following defenses to the Complaint. The defenses asserted below will apply, or will not apply, in varying degrees to each Plaintiff, depending upon the particular factual circumstances of each Plaintiff.  Each defense asserted against a claim or requested relief is asserted as to every claim or requested relief, in whole or in part, unless otherwise stated.  By setting forth these defenses, JPMIM does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and the one-year "look-back" statutory limitation on damages.

### Third Defense

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, ratification, disclosure, and/or consent.

### Fourth Defense

Plaintiffs lack standing to bring the claims asserted in the Complaint.

### Fifth Defense

To the extent that this action seeks exemplary or punitive damages, any such relief would violate JPMIM's rights to procedural and substantive due process.

<u>Sixth Defense</u>

JPMIM did not engage in any conduct which would constitute a breach of fiduciary duty.

<u>Seventh Defense</u>

Plaintiffs have not suffered any losses or damages proximately caused by their investment in the Funds or by any breach of fiduciary duty alleged in the Complaint.

<u>Eighth Defense</u>

When Plaintiffs became alleged shareholders of the Funds, they were or should have been aware that a majority of the Board had already approved an advisory fee schedule that provided for compensation to JPMIM equal to or greater than the compensation JPMIM now receives. Plaintiffs were fully informed of all material facts concerning investing in the Funds, including the level and calculation of a Fund adviser's compensation, and knowingly entered into the investment.  On this basis, Plaintiffs are estopped and precluded from maintaining this action on behalf of the Funds.

<u>Ninth Defense</u>

JPMIM acted at all times and in all respects in good faith and with due care.

<u>Tenth Defense</u>

The independent trustees of the Funds received adequate information from JPMIM and exercised good faith business judgment in approving the IAA in effect when Plaintiffs allegedly became shareholders, and in subsequently approving renewals of the IAA.

<u>Eleventh Defense</u>

There is no disaggregation of fees or services under Section 36(b).  Plaintiffs' claims are barred because as a whole, the investment advisory fee for each of the Funds is not so

disproportionately large that it bears no reasonable relationship to the value of the services provided by JPMIM.

Twelfth Defense

Plaintiffs may not obtain rescission under Section 47(b) of the 1940 Act, 15 U.S.C. § 80a-46(b), because rescission is not available as a remedy for purported violations of Section 36(b).  Further, Plaintiffs lack standing to pursue a request for rescission.  Thus, any claim for rescission is barred.

Thirteenth Defense

Plaintiffs are not entitled to a jury trial for an alleged violation of Section 36(b) of the 1940 Act.

Fourteenth Defense

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate any alleged losses.

**RESERVATION OF RIGHTS**

JPMIM reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery or otherwise in this case and hereby reserves the right to amend its Answer to assert such defenses.

Respectfully submitted,

/s/ Steven W. Tigges

Mark Holland (admitted *pro hac vice*)          Steven W. Tigges (0019288), Trial Attorney
GOODWIN PROCTER LLP                             John W. Zeiger (0010707)
The New York Times Building                     Bradley T. Ferrell (0070965)
620 Eighth Avenue                               ZEIGER, TIGGES & LITTLE LLP
New York, NY  10018                             41 South High Street
Tel:     (212) 813-8800                         3500 Huntington Center
Fax:     (212) 355-3333                         Columbus, OH  43215
Email: mholland@goodwinprocter.com              Tel:     (614) 365-9900
                                                Fax:     (614) 365-7900
Michael K. Isenman (admitted *pro hac vice*)    Email: tigges@litohio.com
GOODWIN PROCTER LLP                                     zeiger@litohio.com
901 New York Avenue, NW                                ferrell@litohio.com
Washington, DC  20001
Tel:     (202) 346-4000
Fax:     (202) 346-4444
Email: misenman@goodwinprocter.com

                                                *Attorneys for Defendant J.P. Morgan*
Dated:  April 17, 2015                          *Investment Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2015, I have caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David P. Meyer
Matthew R. Wilson
Michael J. Boyle, Jr.
MEYER WILSON CO., LPA
1320 Dublin Road, Suite 100
Columbus, OH 43215

Andrew W. Robertson
Robin F. Zwerling
Jeffrey C. Zwerling
Susan Salvetti
ZWERLING, SCHACHTER & ZWERLING, LLP
41 Madison Avenue
New York, NY 10010

*Attorneys for Plaintiffs*
*Nancy Goodman and Jacqueline Peiffer*

/s/ Steven W. Tigges