IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NANCY GOODMAN,** *et al.,*

   **Plaintiffs,**

 **v.**
          **Case No. 2:14-cv-00414**
          **Judge Frost**
          **Magistrate Judge King**

**J.P. MORGAN INVESTMENT MANAGEMENT, INC.,**

   **Defendant.**

### OPINION AND ORDER

This matter is before the Court on plaintiffs' *Motion for Leave to File First Amended Complaint*, ECF No. 55 ("*Motion to Amend*"). For the following reasons, the *Motion to Amend* is **GRANTED.**

This case involves claims under Section 36(b) of the Investment Company Act of 1940 in connection with the alleged disproportionately large investment advisory fees charged to a group of investment funds. *See generally Complaint*, ECF No. 1. The *Complaint* names only J.P. Morgan Investment Management, Inc., as a defendant. However, a related case pending in this Court, *Campbell Family Trust, et al. v. J.P.Morgan Investment Management, et al.,* 2:15-cv-2923 ("*Campbell*"), presents similar claims and names as defendants not only J.P. Morgan Investment Management, Inc., but also JPMorgan Funds Management, Inc., and JPMorgan Chase Bank, N.A. The cases are related, *see Campbell, Order*, ECF No. 7, and are assigned to the same judicial officers. On October 15, 2015, plaintiffs in this case filed the *Motion to Amend*,

1

seeking to join JPMorgan Funds Management, Inc., and JPMorgan Chase Bank, N.A., as additional defendants in this case. Defendant J.P. Morgan Investment Management, Inc., opposes the *Motion to Amend* on the grounds that the motion is untimely, that grant of the motion would be unfairly prejudicial, and that the proposed amendment would fail to state a claim against either of the proposed new defendants. *See Goodman Defendant's Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint*, ECF No. 57.[1]

Defendant contends, first, that the *Motion to Amend* is untimely. Motions or stipulations for leave to amend the pleadings were due by April 3, 2015. *See Preliminary Pretrial Order*, ECF No. 21, PAGEID# 279 (requiring such motions or stipulations no more than thirty (30) days after resolution of the motion to dismiss); *Opinion and Order*, ECF No. 40 (denying the motion to dismiss on March 4, 2015). The *Motion to Amend* was filed on October 15, 2015.

"Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). The court must also evaluate the prejudice that may accrue to a defendant when considering whether to modify the scheduling order. *See id.*

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides

---

[1] On December 10, 2015, the plaintiffs in this case and in *Campbell* filed *Plaintiffs' Joint Motion to Consolidate,* asking that this Court consolidate the two cases pursuant to Federal Rule of Civil Procedure 42(a). *See Joint Motion to Consolidate*, ECF No. 61; *Campbell, Joint Motion to Consolidate*, ECF No. 20. Those motions are not yet fully briefed.

2

that a court should freely give leave to amend the pleadings when justice so requires. The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *General Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). However, leave to amend is properly denied where the claim sought to be asserted by the amendment would not survive a motion to dismiss. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006)("A district court may deny a plaintiff leave to amend his or her complaint. . . when the proposed amendment would be futile.")

This Court concludes that plaintiffs have established good cause for modifying the scheduling order. Plaintiffs explain that the information upon which the proposed new claims are based became available only in May 2015 – *i.e.*, after the date contemplated by the *Preliminary Pretrial Order*. *See Motion to Amend*, PAGEID# 562; *Declaration of Andrew W. Robertson in Support of Plaintiffs' Motion for Leave to File First Amended Complaint*, ¶ 7, ECF No. 55-2 ("*Robertson Declaration*"). Investigation of that information, a necessary predicate to the filing of the *Motion to Amend*, was completed only shortly before the filing of the *Motion to Amend. Robertson Declaration,* ¶ 14. Although defendant disagrees that plaintiffs have established good cause for modifying the scheduling order, this Court concludes that plaintiffs have sufficiently

3

explained the delay.

Furthermore, the defendant will not be unduly prejudiced by the addition of the proposed new defendants, especially considering the pendency of the related case in which those entities are named defendants. Even an extension of the pretrial schedule in this case will not, in light of on-going proceedings in *Campbell*, result in unreasonable prejudice to the defendant.

Finally, defendant argues that the proposed new claims against the proposed new defendants cannot survive and that leave to amend the complaint in order to assert such claims should therefore be denied. In this regard, the Court notes that defendants have filed a motion to dismiss for failure to state a claim in *Campbell*. *Campbell*, ECF No. 32.[2] The Court concludes that the proposed new claims are sufficient at this juncture to justify amendment of the pleadings and that defendant's contentions in this regard are better left for resolution by the District Judge in the context of a formal motion to dismiss.

In short, the Court concludes that plaintiffs' request to amend the complaint in order to assert additional claims against new defendants is meritorious.

Accordingly, the *Motion to Amend,* ECF No. 55, is **GRANTED.**

The Clerk is **DIRECTED** to file the *Amended Complaint*, which is attached to the *Motion to Amend*.

December 22, 2015
                                  s/ Norah McCann King
                                  Norah McCann King
                                  United States Magistrate Judge

---

[2] That motion is not yet fully briefed.

4