```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**NANCY GOODMAN**, *et al.*,

      Plaintiffs,

  vs.                            Civil Action 2:14-cv-414
                                  Chief Judge Sargus
                                  Magistrate Judge King

**J.P.MORGAN INVESTMENT
MANAGEMENT, INC.**,

      Defendant.


**CAMPBELL FAMILY TRUST**, *et al.*,

      Plaintiffs,

  vs.                            Civil Action 2:15-cv-2923
                                  Chief Judge Sargus
                                  Magistrate Judge King

**J.P. MORGAN INVESTMENT
MANAGEMENT, INC.**, *et al.*,

      Defendants.

<u>**ORDER**</u>

      The Court conferred with the parties, by telephone, on June 9, 2016, regarding a discovery dispute.

      These cases involve plaintiffs' claim that defendants charged excessive fees. Plaintiffs specifically allege, *inter alia*, that the fees charged to plaintiffs were excessive when compared to the services rendered to comparable sub-advised funds. In pursuit of that allegation, plaintiffs have requested the production of emails relating to services provided by defendants' employees to various

funds. The parties have agreed to the production of the emails of certain[1] custodians; plaintiffs request the production of the emails of 26 additional custodians relevant to services provided to 19 sub-advised funds. Defendants do not dispute the relevance of the requested additional production, and have agreed to a slight increase in the number of custodians, but argue that the full production requested by plaintiffs is not proportional to the needs of the litigation, considering the substantial burden (including time and expense) presented by the increased request, the discovery expected to be produced, and the alternative sources of information available to plaintiffs (*e.g.,* depositions of the investment advisors to the sub-advised funds). *See* Fed. R. Civ. P. 26(b)(1).

Based on the information presently available to the Court, the Court concludes that the requested production of the emails of 26 additional custodians is not proportional within the meaning of Rule 26(b)(1). The Court will permit the expansion of custodians to 30 and directs the parties to work together to identify those additional custodians whose emails are likely to contain information that is representative and typical of the services provided to all the sub-advised funds. The Court expresses its willingness to revisit this issue if, after the parties have made a good faith attempt to identify a narrowed – but representative – universe of custodians, defendants take the position that less than the full discovery requested by plaintiffs is sufficient to establish plaintiffs' allegation in this

---

[1] Plaintiffs represent that the parties have agreed to the production of the emails of 20 custodians; defendants represent that they have agreed to the production of the emails of 23 custodians.

regard.

**The Court will conduct a status conference on August 25, 2016, at 2:00 p.m.,** to consider the current status of discovery, the continued viability of the pretrial schedule and, if necessary, the Court's current resolution of the discovery dispute addressed in this *Order*.


                                       *s/Norah McCann King*
                                        Norah M$^c$Cann King
                              United States Magistrate Judge

June 9, 2016